S. F. JOHNSON and another *vs.* JANE PLOWMAN.

Where an answer alleged that it was agreed between her and the plaintiffs upon her purchasing goods of them, " that she was to make payments, from time to time, as she could, out of her business, and from the proceeds of the sales" of the goods; *Held,* that it was erroneous for the judge, at the trial, to construe the answer as meaning that the defendant was to make payments, from time to time, as she *conveniently* could.

*Held, also,* that it was erroneous for the judge to charge the jury that if they believed that the defendant purchased the goods with the understanding that she should pay for them when convenient, and that it had not been convenient for her to pay, before the action, they should find for the defendant.

Upon such an answer, the burden of proof is with the defendant.

APPEAL from an order made at a special term, denying a new trial, and from a judgment entered upon the verdict of a jury, upon exceptions taken at the trial.

The complaint alleged that between the 17th of July, 1865, and the 24th of August, 1865, the plaintiffs sold and delivered to the defendant, at her request, merchandise, for which she promised to pay the sum of two hundred and thirty-five dollars and eighty-one cents, and that there remains due, and unpaid, the sum of $186.31, with interest. For which sum, with costs, judgment was demanded.

The defendant, in her answer, admitted that she purchased goods of the plaintiffs, as alleged in the complaint, leaving the balance claimed, but alleged that she bought said goods payable on no set or specified day or time, but, on the contrary, she refused to make any purchase until it was distinctly agreed that she was to make payments, from time to time, as she could, out of her business, and from the proceeds of the sales of said goods. And she averred that she had kept her bargain and agreement so made by her, and was still willing and anxious to do so, but that the plaintiffs, in violation of their said agreement with her, insisted upon changing the same, and compelling her to pay them said balance at once, or making her enter into a new agreement with them,

in regard to the same. Wherefore she denied her indebtedness, and asked for a dismissal of the complaint.

On the trial, the judge stated that he should construe the language of the answer to mean that the defendant was to make payments, from time to time, as she *conveniently* could. To this ruling, the plaintiff's counsel excepted.

The jury found a verdict for the defendant.

*Wm. Henry Arnoux,* for the appellants.

*C. J. Jack,* for the respondent.

*By the Court,* WELLES, J. I think the justice erred in the construction which he gave to the language of the answer, " that it meant that she was to make payments, from time to time, as she *conveniently* could." The answer states that it was " distinctly agreed that she was to make payments, from time to time, *as she could, out of her business, and from the proceeds of the sales of said goods.*"

I can see nothing in the answer to warrant the construction given to it. The language is perfectly plain, that she was to pay as soon as she could. There is no room for construction. The word " conveniently" changes the plain and obvious meaning of the answer. If the defendant is to be judged by her words, under the sanction of an oath, she was bound to pay for the goods as soon as she could out of her business and from the proceeds of the sales of the goods in question. She testified that she received from these sources in July $150, in August $75, in September $50, and in October $50 — in all $325. The whole amount of her purchases from the plaintiffs was $285.31. If it was to be left to her convenience, the time might never arrive when she would be under obligation to make payment.

The same error affected the judge's charge to the jury, in which he told them that if they believed that the defendant purchased the goods with the understanding that she should

Johnson *v.* Plowman.

pay for them when convenient, and that it had not been convenient for her to pay, before the commencement of the action, they should find for the defendant.

There was a conflict in the evidence upon the question of what the contract really was, and at the close of the evidence the plaintiff's counsel requested the court to charge the jury that the burden of proof was with the defendant, which the court declined. This, it seems to me, was also an error. It was conceded, in the opening, at the circuit, that the defendant held the affirmative, and the defendant accordingly put in her evidence to sustain the defense set up in the answer. The proposition was strictly true, and I think the plaintiff had a right to have the jury so instructed.

For the foregoing reasons, I am of the opinion that the judgment should be reversed, and a new trial granted, with costs to abide the event.

LEONARD, J. I concur with Judge WELLES. As matter of law, the plaintiffs were entitled to judgment, and the jury should have been so directed, in my opinion.

CLERKE, J. I dissent. The meaning of the parties in the purchase was derived from the evidence.

New trial granted.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *Welles,* Justices.]